# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SARA MAYNARD, an individual, and SARA MAYNARD, in her capacity as Administratrix of the Estate of Elizabeth Brooks, <br><br> Appellants, <br><br> v. <br><br> ESTATE of HELEN BEARDSLEE MAYNARD (aka HELEN B. MAYNARD JR.) by and through ANDREW POLLOCK MCCONNELL III in his capacity as personal representative of the Estate of HELEN B. MAYNARD and ANDREW POLLOCK MCCONNELL III, as beneficiary of the Estate of Helen Beardslee Maynard, deceased, and DOES 1 through 10, Inclusive, <br><br> Respondents. | No. 83714-1-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

COBURN, J. — This case arises from a long-running dispute between pro se appellant Sara Maynard and her family members relating to distribution of family property. Sara[1] now appeals the trial court's order finding that she is a vexatious litigant

---

[1] We refer to members of the Maynard family, and entities bearing their names, by the parties' first names for clarity.

Citations and pin cites are based on the Westlaw online version of the cited material.

and granting the respondents an award of attorney fees and costs incurred in defending against her claims. We affirm the trial court's order and grant the respondents' request for attorney fees on appeal.

FACTS

Sara's mother Helen B. Maynard Sr. (Helen Sr.) passed away in King County on August 3, 2016.[2] John Maynard Jr., the personal representative of Helen Sr.'s estate, filed a petition to probate the estate.[3] Maynard, slip op. at 3. After John Jr. rejected Sara's creditor's claim, she filed a lawsuit against him, which the trial court dismissed on summary judgment as time barred. Id.

Meanwhile, in the first action, Sara contested John Jr.'s proposed distribution of property under Helen Sr.'s will and alleged that John Jr., his attorneys John Holmes and James Jackson, and other family members conspired to deprive Sara of personal property Helen Sr. had bequeathed to her (First Action). Id. In June 2019, the probate court rejected Sara's claims, closed the Helen Sr. estate, and ordered Sara to pay attorney fees to the Estate of Helen Sr. In so ruling, the court found that Sara "compelled the Personal Representative to litigate particular aspects of the probate without any appropriate justification" and stated that Sara's litigation had driven the probate estate into a "nightmare."

In August 2019, Sara filed a lawsuit alleging 19 causes of action against John Jr., his wife, and John Jr.'s attorney John Holmes.[4] Maynard, slip op. at 5. In October

---

[2] Some background facts herein are derived from this court's prior decision in Maynard v. Maynard, No. 82527-5-I, slip op. (Wash. Ct. App. Nov. 14, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/825275.pdf.
[3] See King County Superior Court No. 16-4-05205-1 SEA.
[4] See King County Superior Court No. 19-2-22827-0 SEA.

2020, after Sara's sister Helen Jr. passed away, Sara amended her complaint to add as defendants John Jr.'s attorney James Jackson and the Estate of Helen Jr. Id. Sara again alleged that family members, including Helen Jr., had conspired to deprive her of personal property, monies, and documents that Helen Sr. had bequeathed to her and to which she was legally entitled. The defendants moved to dismiss Sara's claims under CR 12(b)(6) based on res judicata, application of the statute of limitations, and failure to state a claim. Id. The trial court granted the defendants' CR 12(b)(6) motion to dismiss and awarded attorney fees and costs to the Estate of Helen Jr., Holmes, and Jackson as sanctions under CR 11 and RCW 4.84.185.

Sara appealed the dismissal of her claims against John Jr. and Holmes, as well as the court's award of attorney fees as sanctions. In an unpublished opinion, we affirmed dismissal of all claims Sara raised or could have raised in the First Action based on res judicata, but reversed dismissal of claims Sara had yet to prosecute against John Jr. and Holmes relating to their management of her deceased father's trust that were not yet barred by the statute of limitations. See Maynard, slip op. at 14-15.[5] In so holding, we specified that our ruling was narrow and that we did not conclude Sara's claims were well-founded. Id. at 18. Because we reversed the CR 12(b)(6) dismissal of Sara's legal malpractice claims as to Holmes' actions after August 2016, we also reversed the award of attorney fees to Holmes under RCW 4.84.185. Id. at 17. Although we did not reverse the court's finding that many of Sara's allegations were frivolous, we remanded the CR 11 award to allow the trial court to determine whether the amount remained reasonable in light of our decision. Id.

---

[5] See GR 14.1(c) ("Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions.").

In November 2020, Sara filed a creditor's claim in the probate of the Estate of Helen Jr., seeking personal property items and monies as well as a portion of Helen Jr.'s cremation ashes. Helen Jr.'s husband Andrew McConnell, acting in his capacity as the personal representative of Helen Jr.'s estate, rejected Sara creditor's claim. On December 7, 2020, Sara filed a complaint on rejected claim for damages against the Estate of Helen Jr. and McConnell (collectively Respondents). Sara asserted that Respondents' failure to provide her with personal property and monies owed to her at the time of Helen Jr.'s death constituted breach of oral contract and breach of contract.

On September 21, 2021, Respondents moved for summary judgment dismissal of Maynard's claims. They also sought entry of a vexatious litigant order and an award of attorney fees and costs under CR 11, RCW 4.84.185, and/or RCW 11.96A.150. In response, Maynard moved for voluntary dismissal without prejudice. The superior court granted Maynard's motion to dismiss without prejudice and expressly reserved Respondents' pending claims for a vexatious litigant order and an award of attorney's fees. The assigned judge unexpectedly passed away, so Respondents re-noted their pending motion.

On January 14, 2022, after consideration of the parties' briefing, the superior court entered a vexatious litigant order against Sara and awarded reasonable attorney's fees and costs to the Respondents under CR 11, RCW 4.84.185, and RCW 11.96A.150. The order restrained Sara from "initiating litigation against the Estate of Helen B. Maynard Jr., Andrew Pollack McConnell III (in an individual or representative capacity, or against his family members), or their attorneys without prior written Court approval."

4

Sara appeals.

## DISCUSSION

As a preliminary matter, we note that Sara alleged 15 separate assignments of error on appeal, many of which are repetitive, convoluted, and supported by arguments that are at best conclusory. Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties. Clark County v. W. Wash. Growth Mgmt. Hr'gs Rev. Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a), (g); RAP 12.1). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). And we ordinarily refuse to review issues raised for the first time on appeal. RAP 2.5(a).

### Fee Award at Trial

Sara challenges the trial court's award of attorney fees and costs to Respondents. The court awarded Respondents a total of $26,929.10 after finding that Sara's claims "violate CR 11 and RCW 4.84.185 because, among other reasons, all of Plaintiffs' claims are barred by res judicata, are barred by the statute of limitations.

Plaintiff's claims are not well-grounded in law or fact, are brought for an improper purpose, and are therefore frivolous."[6]

"Sanctions awarded pursuant to RCW 4.84.185 and CR 11 are reviewed for abuse of discretion." Kilduff v. San Juan County, 194 Wn.2d 859, 874, 453 P.3d 719 (2019). "A trial court abuses its discretion if a decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1, 177 Wn.2d 718, 730, 305 P.3d 1079 (2013). "Whether or not to award the expenses following a voluntary nonsuit is within the discretion of the trial court, in light of the facts and circumstances of the entire case." Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 192-93, 69 P.3d 895 (2003). We may affirm the trial court's decision on any basis the record supports. Huff v. Wyman, 184 Wn.2d 643, 648, 361 P.3d 727 (2015).

Sara first argues the award of fees under CR 11 and RCW 4.84.185 was improper, primarily on the ground that her claims are meritorious. We disagree.

CR 11 authorizes sanctions for baseless filings or filings made for an improper purpose. Bryant v. Joseph Tree, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). The

---

[6] The court also cited RCW 11.96A.150 as a basis for its fee award. In estate matters commenced under Title 11 RCW, a court may exercise discretion to award attorney fees to any party. See RCW 11.96A.150(1) (superior court or appellate court may order attorney fees "in such amount and in such manner as the court determines to be equitable"); RCW 11.96A.010 (chapter 11.96A RCW governs proceedings to resolve "disputes and other matters involving trusts and estates"); RCW 11.40.100(1) (requiring party to bring suit against personal representative for rejected creditor's claim within 30 days after notification of rejection). "The authority granted by RCW 11.96A.150 to award attorney fees is not limited to actions initiated under chapter 11.96A RCW." Sloans v. Berry, 189 Wn. App. 368, 379, 358 P.3d 426 (2015). RCW 11.96A.150(1) grants the court broad discretion to "consider any and all factors that it deems to be relevant and appropriate," including an appeal's lack of merit. In re Estate of Muller, 197 Wn. App. 477, 490, 389 P.3d 604 (2016). Because Sara's lawsuit asserts claims against the Estate of Helen Jr. upon a rejected creditor's claim, fees are awardable under RCW 11.96A.150(1) as well.

rule's purpose "is to deter baseless filings and to curb abuses of the judicial system." Id. A filing is "baseless" when it is not well grounded in fact or law. MacDonald v. Korum Ford, 80 Wn. App. 877, 883-84, 912 P.2d 1052 (1996). By signing a pleading, a party certifies that "it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." CR 11(a)(3). CR 11 sanctions are available against pro se litigants. In re Recall of Lindquist, 172 Wn.2d 120, 136, 258 P.3d 9 (2011). "A violation of CR 11 'is complete upon the filing of the offending paper; hence an amendment or withdrawal of the paper, or even a voluntary dismissal of the suit, does not expunge the violation.'" In re Recall of Piper, 184 Wn.2d 780, 788, 364 P.3d 113 (2015) (quoting Biggs v. Vail, 124 Wn.2d 193, 199-200, 876 P.2d 448 (1994)).

RCW 4.84.185 authorizes the trial court to award to the prevailing party "the reasonable expenses, including fees of attorneys, incurred in opposing" a frivolous action.[7] "The statute is designed to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims advanced for harassment, delay, nuisance, or spite." Skimming v. Boxer, 119 Wn. App. 748, 756, 82 P.3d 707 (2004). "Under the general rule of CR 41, a defendant

---

[7] RCW 4.84.185 provides: "In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . . This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order."

is regarded as having prevailed when the plaintiff obtains a voluntary nonsuit." Escude, 117 Wn. App. at 193 (affirming fee award pursuant to CR 11 and RCW 4.84.185).

We first observe that there is no basis for Sara's assertion of claims against McConnell in his individual capacity. Sara did not allege the existence of an oral or written agreement between her or McConnell, let alone offer evidence that such agreements exist. There is no recognized basis upon which Sara may assert a claim through the estate to the beneficiary of an estate. Similarly, although Sara identified the Estate of Elizabeth Brooks as a plaintiff in this action, that estate is not a creditor of the Estate of Helen Jr. and has no recognizable claim against it or McConnell.

As for Sara's claims against the Estate of Helen Jr., we agree with Respondents that such claims lack merit because they are barred by the doctrine of res judicata.

Res judicata prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action. Loveridge v. Fred Meyer, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). "The doctrine curtails multiplicity of actions and harassment in the courts." Eugster v. Washington State Bar Ass'n., 198 Wn. App. 758, 786, 397 P.3d 131 (2017). Res judicata bars an action when a prior judgment involved identical (1) subject matter, (2) claims or causes of action, (3) persons and parties, and (4) quality of persons for or against whom the claims are made. Rains v. State, 100 Wn.2d 660, 663, 674 P.2d 165 (1983). A threshold requirement of res judicata is a final judgment on the merits in the prior suit. Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004). In multi-party, multi-claim litigation, "[a] judgment may be final in a res judicata sense as to a part of an action although the litigation continues as

to the rest." Ensley v. Pitcher, 152 Wn. App. 891, 900-01, 222 P.3d 99 (2009) (quoting RESTATEMENT (SECOND) OF JUDGMENT § 13 cmt. e (AM. L. INST. 1982)).

In the First Action, Sara contested the distribution of property from Helen Sr.'s will, including a 10-page list of claimed entitlements to furniture, jewelry, documents, and other items. The probate court's June 2019 order became a final judgment on the merits of any claim that Sara raised or could have raised regarding her right to receive property from the Estate of Helen Sr. Maynard, slip op. at 11-12. In the Second Action, Sara again asserted claims relating to her right to inherit from her mother Helen Sr. Because Sara litigated or had the opportunity to litigate those claims in the probate litigation, we held that they were barred by res judicata. Maynard, slip op. at 13-14.

In the current action, Sara again seeks recovery of the same property and monies she sought in the First Action and the Second Action. Sara's causes of actions are the result of, and seek damages relating to, the Estate of Helen Jr. as well as the Estate of Helen Sr. The Second Action and the current action feature nearly identical breach of oral contract and breach of contract claims. And Sara sued the Estate of Helen Jr. in both actions.[8] To the extent Sara's current action sought additional personal property in connection with the Estate of Helen Jr., such claims could have been raised in the Second Action.

Sara claims there was no final judgment on the merits of her claims against the Estate of Helen Jr. in the Second Action. But because Sara failed to assign error or argue that dismissal of claims against the Estate of Helen Jr. was improper, we deemed her appeal as to such claims abandoned. Maynard, slip op. at *2, fn. 1. Sara further

---

[8] Although McConnell was not a named defendant in the Second Action, he would necessarily have been involved as the Estate of Helen Jr.'s personal representative.

9

asserts that res judicata does not apply because newly discovered evidence shows the Estate of Helen Sr. was incorrectly closed based on false information. Sara raised the same argument in her appeal of the Second Action. There, as here, "Sara presents no argument that a statute or court rule allows her to collaterally attack the finality of a judgment in a new lawsuit based on allegations of newly discovered evidence." Maynard, slip op. at 13-14.

We also agree with Respondents that Sara filed the current lawsuit for harassment, nuisance, or spite. This is Sara's third attempt to advance claims for Helen Sr.'s property, based on events that allegedly occurred as far back as 1972. Sara's complaint also alleged a variety of baseless personal attacks, such as claiming that Respondents' legal counsel threatened Sara's life during the course of the discovery process; that McConnell caused Sara to contract COVID-19 and Lyme disease; that McConnell arranged a home invasion burglary and vandalism of her home; and implying that Helen Jr. did not die by suicide, but by "violent supposed suicide, while alone with [McConnell]" following an argument. The trial court did not abuse its discretion in awarding fees as sanctions under CR 11 and RCW 4.84.185.

Sara raises several additional arguments in support of her claim that the fee award was unwarranted, none of which are persuasive.

Sara asserts that the fee award is unwarranted because Helen Jr. told Sara that Respondents' legal fees are paid by their insurance carrier. But apart from this self-serving hearsay, Sara provides no evidence of any insurance coverage for her claims.

Sara also argues that she was "denied due process and prevented access to her evidence needed for litigation" because she is a senior citizen who lacked vaccination

10

and was therefore unable to travel out of state to secured storage to locate a portion of her evidentiary documents. But Sara does not provide a reasonable explanation as to why she could not find a way to obtain documents allegedly supporting her lawsuit, which were located in storage under her possession and control.

For the first time on appeal, Sara claims that the trial court judge was prejudiced against her. In support of this claim, Sara asserts that she was not granted oral argument, that the court did not review materials she submitted in reply, and that the judge improperly signed a proposed order that contained false information. Because Sara failed to raise this claim below, and because the claim is unsupported by meaningful analysis, we decline to consider it now. RAP 2.5(a).

Sara also argues that CR 11 sanctions are unwarranted because she signed no pleading, motion, or legal memorandum required by that rule for the imposition of sanctions. But Sara plainly did sign the complaint in the current action. Although Sara asserts that she did so in reliance on advice of "advisory counsel," those individuals did not sign the pleading. Sara is not immune from sanctions merely because she is representing herself in these proceedings. See Lindquist, 172 Wn.2d at 136. ("CR 11 sanctions are available against a pro se litigant for filing a claim for an improper purpose, or if the claim is not grounded in fact or law and the signing litigant failed to conduct a reasonable inquiry.").

We conclude that the trial court did not abuse its discretion in awarding attorney fees and costs to Respondents under CR 11 and RCW 4.84.185. We next consider Sara's challenge to the amount of the fee award.

"The amount of a fee award is discretionary, and will be overturned only for a manifest abuse of discretion." Mayer v. City of Seattle, 102 Wn. App. 66, 79, 10 P.3d 408 (2000). A determination of reasonable attorney fees begins with a calculation of the "lodestar," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983). Because the court must limit hours to those reasonably expended, it "should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." Id. at 597. Here, the trial court determined that Respondents' "fees and costs were reasonable, reflect a reasonable hourly rate, and do not reflect time spent on unsuccessful claims, duplicative effort, or otherwise unproductive time."

Sara claims the amount of the fee award was unreasonable because the attorneys double-billed and performed duplicative work. This is so, she contends, because multiple attorneys worked on the case and counsel consulted with Jackson, who was a defendant in the Second Action. Sara fails to identify any time entries supporting her claims, and thus does not meet her burden to demonstrate that the amount of the fee award was unreasonable. See Berryman, 177 Wn. App. at 666 ("The burden of justifying any deviation from the lodestar rests on the party proposing it."); Fiore v. PPG Indus., 169 Wn. App. 325, 353, 279 P.3d 972 (2012) (rejecting unsupported assertion that fee award was unreasonable because multiple attorneys attended court proceedings). As Respondents point out, they minimized fees incurred by having lower-paid associates and summer clerks perform more than half the total hours billed. And, given the issues Sara raised in this lawsuit, it was not unreasonable

for Respondents to briefly consult an attorney involved in the separate, substantially related suit.

Sara also asserts that the attorneys "did not spend the time they allege in their copies of billing for legal fees." This claim is entirely unsupported by references to the record or meaningful analysis, and need not be considered further. Cowiche Canyon, 118 Wn.2d at 809. The record shows that the attorneys properly supported their fee request with detailed billing records. Because Sara alleges no viable basis for a reduction in the fee award, she has not shown that the amount of the award constituted an abuse of discretion.

Lastly, in her third amended opening brief filed shortly before Respondents' response brief was due, Sara argues that the trial court should not have considered Respondents' updated motion for attorney fees and vexatious litigant order because it was filed late. Sara's motion to file an amended brief improperly misrepresented that her only revisions included citations to authority and the record, when in fact she added this assignment of error. Although the commissioner accepted the amended brief, we need not consider Sara's new assignment of error as she did not raise this claim below. RAP 2.5(a). In any case, Respondents' motion for summary judgment, which sought attorney fees and vexatious litigant order, was filed and pending when Maynard voluntarily dismissed her claims. The re-noted updated motion was not untimely.

## Vexatious Litigant Order

Sara also challenges the trial court's order finding that she is a vexatious litigant and imposing prefiling restrictions. "In Washington, every court of justice has inherent power to control the conduct of litigants who impede the orderly conduct of

proceedings." Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). "[T]rial courts have the authority to enjoin a party from engaging in litigation upon a 'specific and detailed showing of a pattern of abusive and frivolous litigation.'" Id. (quoting Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). "We review a trial court's order limiting a party's access to the court for an abuse of discretion." Bay v. Jensen, 147 Wn. App. 641, 657, 196 P.3d 753 (2008).

Here, the court found that Sara

is a vexatious litigant because she has repeatedly filed the same or similar meritless claims against family members in furtherance of pattern of harassment. In this case, Plaintiff nonsuited her claims in response to Defendants' Motion for Summary Judgment, after Defendants incurred significant attorney fees responding to Plaintiffs' meritless claims. Prior monetary sanctions have not deterred Plaintiff from engaging in meritless litigation. The Court thus finds good cause exists to prevent further abuse of the Court process by plaintiff Sara Maynard through entry of a vexatious litigant protective order.

The record amply supports the trial court's findings. Sara has repeatedly and unsuccessfully litigated in pursuit of the same property and has been undeterred by the previous imposition of sanctions. See Yurtis, 143 Wn. App. at 683-84 (affirming imposition of vexatious litigant order on plaintiff whose claims had been repeatedly rejected and found to be frivolous).

Sara argues that the vexatious litigant order violates her First Amendment right to free speech. This is so, she asserts, because she was following instructions from her "advisory counsel" and because "governmental officials who seek to control speech are trying to control what people think and what people do, which is contrary to the dignity of the human person." But courts have the inherent discretion to "place reasonable

14

restrictions on any litigant who abuses the judicial process." <u>Yurtis</u>, 143 Wn. App. at 693.

Moreover, the court's vexatious litigant order does not bar Sara from accessing the courts. Rather, Sara must first seek court approval and the defendants must be given notice and an opportunity to respond, thereby allowing Sara to advance potentially meritorious claims. Sara offers no authority for the proposition that the court's inherent authority to place such reasonable limitations on a vexatious litigant curtails the right to free speech. We need not analyze her constitutional claim further. <u>Cowiche Canyon</u>, 118 Wn.2d at 809.

Fees on Appeal

Respondents, citing CR 11, RCW 4.84.185, and/or RCW 11.96A.150, request an award of attorney's fees on appeal in accordance with RAP 18.1. This court has the discretion to award attorney fees on appeal under RAP 18.1(a) where authorized by applicable law. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ" and that the appeal is so devoid of merit that "there is no possibility of reversal." <u>Kinney v. Cook</u>, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

Sara's appeal lacks any factual or legal basis, thus justifying a fee award under CR 11 and RCW 4.84.185. Additionally, because Sara's lawsuit asserts claims against the Estate of Helen Jr. upon a rejected creditor's claim, fees are awardable under RCW 11.96A.150(1) as well. We grant Respondents' request for attorney fees and costs on

appeal, subject to compliance with RAP 18.1.

Affirmed.

_____
Coburn, J.

WE CONCUR:

_____
Díaz, J.

_____
Birk, J.